## GARDNER ET AL. v. SMALL.

*Certiorari* to Justice Plumer.

A constable's return " served this summons by reading it to, and leaving a copy with a person above the age of fourteen years, at the residence of J. Gardner, and on the other defendant by reading it to him and giving a copy," is defective, and can not be cured, amended, or supplied by affidavit.

*Mr. Whitehead,* for Plaintiffs.
*Mr. Armstrong,* for Defendant.

HORNBLOWER, C. J. This was a judgment rendered in the absence of the defendants, and it must be reversed, because it does not appear that the summons was lawfully served on one of them. The return is as follows, " served this summons, by reading it to, and leaving a copy with a person above the age of fourteen years, at the residence of J. Gardner, junr. and on the other defendant, by reading it to him, and giving him a copy."

Gardner et al. v. Small.

We have repeatedly decided that the Justice has no jurisdiction of the person of a defendant, so as to authorise him to proceed against him in his absence, unless it appears by the constable's return, that the summons has been served in one of the modes prescribed by the statute, (*Ross* v. *Ward*, 1 *Har. R.* 23 ; *Murat* v. *Hutchinson, Id.* 46 ; *Moore et al.* v. *Miller, Id.* 233.) Now the statute authorises a service by leaving a copy at defendant's " house " or " place of abode " only, when he cannot be found, so as to be personally served ; and then the service is to be by leaving such copy at his house or place of abode, " in the presence of some *free* person of *the family,* of the age of fourteen years, who shall be informed of the contents thereof."

This return is defective then, in two particulars at least. First : it does not appear that the defendant Gardner, was from home, or that he could not be found, (*Cooper* v. *Roberts,* 1 *Har. R.* 353.) And, secondly, because the constable has not certified that the person with whom he left the copy, was a "*free person of the family.*" For all that appear, it might have been a slave, or an entire stranger, with whom the copy was left. (*Murat* v. *Hutchinson,* 1 *Har. R.* 46.)

The counsel for the defendant, *in Certiorari,* read an affidavit made by the constable's stating the manner in which he served the summons on Gardner ; and no doubt, according to that affidavit, it was well served. And if the constable had made a return in conformity with the facts stated in his affidavit, there could have been no difficulty. But such affidavits cannot cure the defective return. This is a judgment *in trespass,* for one hundred dollars, to the full amount of the Justice's jurisdiction ; and it is important to preserve the rights of the defendant. If the constable had made such a return, as his affidavit would warrant, the defendant, if it was untrue, could have sued him for a false return : but he cannot sue him for making a false affidavit. If the officer makes a sufficient, but untrue return, the remedy is against *him*—but if his return does not show a due and legal service, the Justice cannot proceed in the absence of the defendant, but ought to dismiss the suit. If he proceeds, it is error.

FORD, WHITE, and DAYTON, Justices, concurred.

NEVIUS, Justice, absent.

*Judgment reversed.*